# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### ATHENS DIVISION

| | | |
|---|---|---|
| SHANNON LAMONT DANIELS, | : | |
| Plaintiff, | : | |
| | : | NO. 3:11-CV-45 (CAR) |
| VS. | : | |
| SAMUEL D. OZBURN, et al., | : | |
| | : | Proceedings Under 42 U.S.C. §1983 |
| | : | Before the U.S. Magistrate Judge |
| Defendants. | : | |

# ORDER & RECOMMENDATION

Plaintiff **SHANNON LAMONT DANIELS**, a prisoner at McEver Probation Detention Center in Perry, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. For the reasons discussed below, it is hereby **RECOMMENDED** that the United States District Court **DISMISS** all but one of Plaintiff's claims pursuant to 28 U.S.C. § 1915A. Because Plaintiff states a plausible First Amendment claim for unlawful interference with his outgoing personal mail, this action shall go forward but only as to that claim against Walton County and Major Wade Harris.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the

complaint is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation). See also 28 U.S.C. §1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in §1915A "shall" be dismissed on preliminary review).

## STATEMENT AND ANALYSIS OF CLAIMS

Plaintiff Shannon Lamont Daniels (herein "Plaintiff") is currently housed in the McEver Probation Detention Center in Perry, Georgia, serving a sentence of 90 to 150 days for parole violations. According to Plaintiff, one or more of the twenty-four named Defendants have caused him to be unlawfully imprisoned, denied due process, and subjected to double jeopardy in violation of his rights as guaranteed by the United States Constitution. He further contends that while imprisoned, Defendant Major Wade Harris violated his rights under the First Amendment by limiting his ability to send letters through the U.S. mail.

According to the allegations in his Complaint [Doc. 1] and the multiple supplements thereto [Doc. 6, 9, 11 and 12], Plaintiff was convicted of "possession with the intent to distribute cocaine" and "obstruction" for an offense that occurred in August of 2001.[1]  Prior to this, Plaintiff was on

---

[1] The written allegations in Plaintiff's original Complaint regarding the dates of the offense, sentencing, and confinement are a bit confusing. However, documents Plaintiff submitted on April 29, 2001 [Doc. 12] as supplemental allegations to his Complaint clarify the actual date and duration of his sentence. Because Plaintiff is proceeding *pro se*, this Court must construe his Complaint liberally, Haines v. Kerner, 404 U.S. 519, 520–21, 92 S. Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam), and will thus view the documents submitted by Plaintiff as allegations supplementing his Complaint.

probation for offenses of possession of cocaine and marijuana, giving false information to a law enforcement officer, and obstruction. On November 5, 2001, Walton County Superior Court Judge Samuel Ozburn revoked Plaintiff's probation (assumably because of his August 2001 arrest for possession of cocaine). Then, on August 8, 2002, Judge Ozburn sentenced Plaintiff to fifteen years – eight in confinement and seven on probation after release – for the possession of cocaine charge and twelve months probation for obstruction.

Plaintiff began his term of confinement on December 27, 2001. At some point, the parole board told Plaintiff that his "score" or "points" qualified him for release to a halfway house after eighteen months in confinement and that, after twenty-eight months at a half-way house, Plaintiff would be released on parole. Despite the fact Plaintiff was a model inmate, this plan never came to fruition, and the parole board subsequently denied Plaintiff parole six times.

Though Plaintiff only began his incarceration in December of 2001, he alleges that his eight-year sentence in confinement was complete in March of 2008 and that prison officials unlawfully held him in confinement past his maximum release date. Plaintiff claims to have spoken to Wardens Tillman and Johnson at "Waycross Prison"[2] regarding this error in April of 2008, but they refused to assist him. Plaintiff received much the same response from a "prison official" at Telfair State Prison, Warden Nelson at Central State Prison, and Warden Jefferson at Rutledge State Prison during his terms of incarceration at those prisons' mental health facilities in 2008 and 2009.

---

[2] Plaintiff names "Waycross State Prison" as a party Defendant and references "Waycross Prison" in his allegations. The Court assumes, however, that Plaintiff intends to name and refer to Ware State Prison in Waycross, Georgia.

Plaintiff's final days of confinement were served in segregation or "the Hole" at Hays State Prison. He was finally released on June 10, 2010. Rather than continuing his sentence on probation after his eventual release, however, Plaintiff claims that he left prison a free man, having received a "pardon from Governor Sonny Purdue" in May of 2001. Thus, taking the allegations in the Complaint as true, Plaintiff was not on parole or probation after his release on June 10, 2010.

A few months after his release, Plaintiff was arrested by a "crooked" police officer, presumably Defendant Officer Carter, for disorderly conduct. On November 29, 2010, Walton County Magistrate Court Judge Brown-Lowe found Plaintiff guilty of disorderly conduct and sentenced him to twelve months non-reporting probation. Judge Brown-Lowe additionally banned Plaintiff from Walton County, fined him $967.00, and required that he serve ten days in the county jail. Plaintiff alleges, however, that Judge Brown-Lowe heard no evidence and found him guilty of the offense based solely on his criminal history.

When Plaintiff completed his ten days in jail, Walton County Superior Court Judge Kendall Waynne "put a hold" on Plaintiff's release finding that his conviction for disorderly conduct in November 2010 was a violation of his probation. According to Plaintiff, Captain Etchensen and Probation Officer Michael Fredrick presented Plaintiff with a "fake" probation warrant. The officers then chastised Plaintiff for not paying the $ 967.00 fine imposed by Judge Brown-Lowe and asked him to sign waivers for confinement. Plaintiff repeatedly advised the officers that he was not on probation for any offense, but they refused to listen. Judge Waynne subsequently sentenced Plaintiff to 90-150 days at McEver Probation Detention Center for probation violations.

The Complaint further alleges that officials held Plaintiff in the Walton County Jail from November 19, 2010 until February 2011. While he was confined there, the jail commander, Defendant Major Wade Harris, instituted or enforced a policy limiting inmates' outgoing mail to the use of a 6"x4" postcard and allowed Plaintiff only three of such postcards a month. Plaintiff asserts that this limitation inhibited his ability to communicate with others about his unlawful confinement.

Through his Complaint and supplements, Plaintiff now attempts to state claims for conspiracy, denial of due process, false imprisonment, violation of the Double Jeopardy Clause, and denial of access to the mail system. Plaintiff names fourteen individual Defendants, including: **Judge Samuel D. Ozburn**, **Judge W. Kendall Wayne, Magistrate Judge Brown-Lowe,** Parole Board Members **Buddy Nix, Jr.***,* **Michael Light**, and **Betty Ann Cook**, Parole Officer **Michael Frederick**, **Warden Johnson**, **Warden Tillman**, **Warden Jefferson**, **Warden Nelson**, **Major Wade Harris**, **Captain Etchensen**, and **Officer Carter**. Each of these Defendants are named in both their individual and official capacities. In addition to these individuals, Plaintiff also names various government entities and organizations as Defendants: **the State of Georgia, Georgia Department of Corrections, "Georgia Parole Board," Walton County, Fulton County, Ware County, Bibb County, Waycross State, Rutledge State Prison,** and **Hayes State prison.** Plaintiff seeks damages in the amount of "$40,000,000 to $50,000,000" and approximately $30,000 for each day he was wrongly incarcerated. Plaintiff likewise demands that the Court order Walton County to abide by the terms of the United States Constitution with respect to its outgoing mail restrictions.

As an initial matter, the Court notes that Plaintiff has named Defendants against whom he

6

makes no allegations of wrongdoing. None of Plaintiff's factual allegations connects Defendants Fulton County or Bibb County to any claim. The United States Court of Appeals for the Eleventh Circuit has held that a district court properly dismisses defendants where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that connect the defendants with the alleged constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing Pamel Corp. v. P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). Because Plaintiff fails to make any allegations against Defendants **Fulton County** or **Bibb County** is it **RECOMMENDED** that they be **DISMISSED** from this action.

Plaintiff also names multiple Defendants in this action who are immune from suit. Judges acting in their judicial capacity are absolutely immune from damages suits. Mireles v. Waco, 502 U.S. 9, 11, 112 S.Ct. 286, 288, 116 L.Ed.2d 9 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."); see also Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." Sibley, 437 F.3d at 1070 (quoting Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000)); see also Dykes v. Hosemann, 776 F.2d 942, 946 (11th Cir. 1985) (en banc) (citations omitted) (immunity applies when a judge is alleged to have conspired with other parties to bring about a deprivation of the plaintiff's constitutional rights). A plaintiff may only overcome judicial immunity by pleading that (1) the judge has not acted within his judicial capacity; or (2) the

7

judge's actions, though judicial in nature, are taken in the complete absence of all jurisdiction over the subject matter. See Stump v. Sparkman, 435 U.S. 349, 356–57, 98 S.Ct. 1099, 1104–05, 55 L.Ed.2d 331 (1978); Mireles, 502 U.S. at 11.

All of the allegations in Plaintiff's Complaint regarding the defendant judges relate to actions taken while Defendants acted within their judicial capacity. Indeed, Plaintiff does not allege that any of the three judges acted outside their judicial capacity at any time or acted in absence of jurisdiction. Accordingly, Defendants **Judge Samuel D. Ozburn, Judge W. Kendall Wayne, Magistrate Judge Brown-Lowe** are entitled to absolute immunity for decisions made regarding Plaintiff's convictions and incarceration, and it is **RECOMMENDED** that they be **DISMISSED** from this action pursuant to 28 U.S.C. §1915A(b)(2).

Plaintiff also attempts to state claims against the State of Georgia, "Georgia Parole Board," and Georgia Department of Corrections. The Eleventh Amendment, however, bars a § 1983 action against a state and its agencies 'regardless of whether a plaintiff seeks monetary damages or prospective injunctive relief.'" Stevens v. Gay, 864 F.2d 113, 115 (11th Cir. 1989) ("The Eleventh Amendment bars this action against the Georgia Department of Corrections . . . ."); Fuller v. Georgia State Bd. of Pardons and Parole, 851 F.2d 1307, 1309 (11th Cir. 1988) (parole board is immune from suit under the Eleventh Amendment); see also Pennhurst State Schl. & Hosp. v. Halderman, 465 U.S. 89, 98-100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984)); Alabama v. Pugh, 438 U.S. 781, 782, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978). It is thus **RECOMMENDED** that the **State of Georgia,**

the **"Georgia Parole Board"** and the **Georgia Department of Corrections** also be **DISMISSED** from this action pursuant to 28 U.S.C. §1915A(b)(2).

Plaintiff additionally seeks to recover money damages from individual members of the parole board – Defendants Buddy Nix, Jr., Michael Light, Betty Ann Cook – with respect to decisions made in the parole consideration process. However, this Circuit has long recognized that parole board members are entitled to quasi-judicial immunity from suits requesting damages based upon decisions to grant, deny, or revoke parole. Fuller, 851 F.2d at 1310 ("[T]he individual members of the Parole Board are entitled to absolute quasi-judicial immunity from a suit for damages.") (citing Cruz v. Skelton, 502 F.2d 1101, 1101-02 (5th Cir. 1974)). In this case, the actions about which Plaintiff complains concern proceedings related to his consideration for release on parole. Under these circumstances, the actions of the parole board members are inextricably intertwined with their decision-making authority, and they are therefore entitled to immunity. Accordingly, it is **RECOMMENDED** that Plaintiff's claims for monetary damages against Defendants **Buddy Nix, Jr.**, **Michael Light**, and **Betty Ann Cook** be **DISMISSED** pursuant to 28 U.S.C. §1915A(b)(2).

With the remaining Defendants in mind, the Court now turns to Plaintiff's claims. From a liberal reading of the Complaint, it appears that Plaintiff asserts claims for conspiracy, denial of due process, false imprisonment, and/or violation of the Double Jeopardy Clause based upon the allegations (1) that he was incarcerated for a period longer than his sentence of confinement; (2) that Officer Carter and Judge Brown-Lowe denied him due process and caused him to be unlawfully confined for the offense of disorderly conduct; (3) that Parole Officer Michael Frederick, and

Captain Etchensen conspired with Walton County Judge Waynee causing him to be confined for a fraudulent probation violation; and (4) that Major Harris unlawfully limited his outgoing mail to three 4"x6" postcards per month. The Court will address each of these allegations in turn below.

    1. <u>Claims based upon alleged Confinement beyond the term of Sentence</u>.

Plaintiff's original Complaint alleges that he began an eight-year term of incarceration on December 27, 2001 to be followed by a seven-year period of probation. Plaintiff subsequently alleges that his term of confinement was then due to end in March of 2008. After an initial review, this Court noted that the dates provided in Plaintiff's Complaint do not equate to eight years in prison and thus ordered Plaintiff to supplement his Complaint with specific information about his sentence and terms of confinement or probation [Doc. 7]. Plaintiff complied, submitting both written answers to the Court's questions [Doc 9], and documents from the State Board of Pardons and Paroles [Doc. 12] evidencing the relevant dates, offenses, and sentences imposed.

Plaintiff's allegations as a whole, however, fail to state a non-frivolous claim for conspiracy, denial of due process, unlawful imprisonment, or double jeopardy based upon his eight-year term of confinement.[3] By all accounts, Judge Ozburn did sentence Plaintiff to only eight years of confinement for the offense of possession of cocaine. Plaintiff's submissions indicate, however, that

---

[3] To the extent Plaintiff attempted to state a claim for violation of the Double Jeopardy Clause based on the sentence and fine imposed by Judge Ozburn, the claim would be foreclosed by both judicial immunity, as discussed above, and <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994) (holding that a prisoner cannot bring a § 1983 action that would invalidate a sentence or conviction unless the sentence or conviction in question has previously been invalidated). Plaintiff has not alleged any ground upon which Judge Ozburn may be denied absolute immunity and fails to allege that the challenged sentence has been invalidated by a state court.

the this term did not begin until August 8, 2002, causing Plaintiff's maximum release date to be not before August of 2010. Plaintiff's incarceration prior to August 8, 2002, as evidenced by Plaintiff's own submissions, was not a result of his 2001 possession of cocaine offense, but the result of the revocation of his probation for prior offenses. Thus, once clarified, Plaintiff allegations reveal that he was not held in confinement beyond the term of his sentence. In fact, Plaintiff was released on June 10, 2010 – after only seven years, ten months, and two days in confinement for that offense.

Even if the Court is incorrect in understanding the dates and duration of Plaintiff's sentence, the allegations in the Complaint fail to state a cognizable claim. Plaintiff's allegation that he began his eight-year term of confinement in December of 2001 and was thus due to be released in March of 2008 is simply mathematically incorrect.

Therefore, the Court **RECOMMENDS** that Plaintiff's claims based upon this term of incarceration be **DISMISSED** pursuant to 28 U.S.C. §1915A(b)(1). If the Court's understanding of the dates and duration of confinement alleged in Plaintiff's Complaint are correct, his claim is due to be dismissed as frivolous. Otherwise, Plaintiff's claim is due to be dismissed for failure to state a claim. As this is the only claim potentially involving allegations against Defendants **Warden Johnson**, **Warden Tillman**, **Warden Jefferson**, **Warden Nelson**, **"Waycross State Prison," Ware County, Rutledge State Prison,** or **Hays State Prison** it is also **RECOMMENDED** that these Defendants be **DISMISSED** from this action. It further appears that Plaintiff may have intended to add **Muscogee County** and **Central State Prison** as Defendants with respect to this claim. See April 29, 2011 Supplement. [Doc. 12]. For the reasons discussed above, the

11

amendment would be moot. Because Plaintiff would have failed to state a claim against Muscogee County and Central State Prison based upon allegations that he was held in confinement beyond the term of his sentence, amendment of the Complaint to add them would be futile. See Butler v. Prison Health Svc., Inc., 294 Fed. Appx. 497, 500 (11th Cir. 2008) (proposed amendments which only identified new defendants and did not address merits of claims were futile).

    2. Claims based upon the November 2010 Conviction and Sentence for Disorderly Conduct

Plaintiff's Complaint additionally alleges that a "crooked" police officer, presumably Defendant Officer Carter, arrested him for disorderly conduct.[4] Walton County Magistrate Court Judge Brown-Lowe then found Plaintiff guilty of that charge – sentencing him to twelve months non-reporting probation, fining him $967.00, banning him from the county, and requiring that he serve ten days in jail. According to the allegations in Plaintiff's Complaint, Judge Brown-Lowe heard no evidence and found him guilty of this offense base solely on his criminal history.

Even if these allegations are true and could somehow be the basis of a claim against a Defendant in this case, Plaintiff's claims would be barred by Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). In Heck, the Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

---

[4] Plaintiff does not appear to assert a claim for unlawful arrest; nor does he provide any factual allegations to support such a claim.

Id. at 486-87. Thus, a prisoner cannot bring a § 1983 action which would invalidate a sentence or conviction unless the sentence or conviction in question has previously been reversed, expunged, set aside, or called into question by the issuance of a writ of habeas corpus. Id.

Plaintiff's allegations in this case, if proven, would obviously invalidate his conviction for disorderly conduct and the sentence imposed therefor. Because Plaintiff has not alleged that this conviction has been reversed, expunged, set aside, or called into question by the issuance of a writ of habeas corpus, Heck bars all of Plaintiff's § 1983 claims related to this conviction. Plaintiff must return to the appropriate court and attempt to invalidate his conviction or sentence. If Plaintiff should succeed, he may then institute an action for damages under § 1983 in federal court. Until then, however, it is **RECOMMENDED** that Plaintiff's claims of denial of due process and unlawful imprisonment based upon this conviction and sentence be **DISMISSED** pursuant to 28 U.S.C. §1915A(b)(1). As this is the only claim possibly involving allegations against **Officer Carter**, it is also **RECOMMENDED** that he be **DISMISSED** from this action.

   3. Claims based upon the 2010 Probation Revocation

Plaintiff's Complaint also alleges that Defendants Michael Frederick and Captain Etchensen presented Plaintiff with a fraudulent probation warrant, refused to believe that he was not on probation, and conspired with Judge Wayne to unlawfully confine Plaintiff for a probation violation. Because the allegation that Plaintiff's probation revocation proceedings were fraudulent calls the validity of the revocation decision into question, it is also barred by the doctrine of Heck v. Humphrey. Plaintiff has not alleged that he appealed his probation revocation in the state courts, nor

has he alleged that his probation revocation was otherwise reversed, expunged, set aside, or called into question by the issuance of a writ of habeas corpus. In the absence of such a decision invalidating his sentence, he cannot bring a suit under Section 1983.

It is therefore **RECOMMENDED** that Plaintiff's claims for conspiracy, denial of due process, false imprisonment, and violation of the Double Jeopardy Clause arising from his 2010 incarceration for probation violations be **DISMISSED** pursuant to 28 U.S.C. §1915A(b)(1). Because these are the only claims involving allegations against Defendants **Michael Frederick** and **Captain Etchensen**, it is further **RECOMMENDED** that they be **DISMISSED** from this action as well.

4. <u>Claims based upon the Restriction of his Out-going Personal Mail</u>

Plaintiff's only remaining claim appears to be against Defendants Walton County and its jail commander, Major Harris, for "unconstitutionally" limiting his "ability to contact the public and family through the United States Mail." Plaintiff alleges that Major Harris instituted or enforced a policy limiting inmates outgoing mail to the use of a 6"x4" postcard and that Harris allowed Plaintiff only three of such postcards a month. Plaintiff asserts that this limitation inhibited his ability to communicate with his family and the public about his unlawful confinement.

A prison official's right to review or restrict a prisoner's outgoing personal mail is somewhat limited. The United States Supreme Court has held that prison officials may review and censor inmates outgoing non-attorney mail only if: "(1) the practice furthers an important or substantial governmental interest unrelated to the suppression of expression; and (2) the limitation of First Amendment rights is no greater than necessary or essential to protection of the governmental

interest." Johnson v. Smith, 2:10-CV-236, 2011 WL 344085 *4 (N.D. Ga. February 1, 2011) (citing Procunier v. Martinez, 416 U.S. 396, 412-13 (1974), overruled on other grounds by Thornburgh v. Abbott, 490 U.S. 401, 413-14 (1989)); Thornburgh, 490 U.S. at 411 (finding that outgoing personal correspondence does not, by its very nature, pose a serious threat to prison order and security). Thus, allegations about an unjustified limitation on outgoing prisoner mail states a plausible First Amendment claim, and dismissal of such a claim at the frivolity stage would be premature. Johnson, 2011 WL 344085 at 5; see also Lindell v. Frank, 377 F.3d 655, 657-58 (7th Cir. 2004) (dismissal of claim based on alleged arbitrary confiscation of postcards was premature at screening stage).

While it is quite possible that the alleged postcard policy exists for a valid security reason, the Court cannot make that assumption. Indeed, it is equally plausible that the policy merely facilitates improper censorship of outgoing mail or that officials could address their concerns by less restrictive means such as requiring inmates to submit unsealed envelopes for mailing. See id. The Court, therefore, finds Plaintiff's allegations regarding this claim sufficient to proceed beyond the frivolity review stage. For this reason, the Court will allow the claim to go forward.

## CONCLUSION

Accordingly, the Court **RECOMMENDS** that all of Plaintiff's claims – with the exception of his claim against Defendants Walton County and Major Wade Harris for unlawful interference with his outgoing mail – be **DISMISSED**. Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within fourteen (14) days after being served a copy of this order.

Because the Court finds that Plaintiff states a plausible claim against **Walton County** and **Major Wade Harris**, this action shall go forward but only against these two Defendants. It is thus **ORDERED** that service be made against **Defendants Walton County** and **Major Wade Harris**, and that they file a Waiver of Reply, an Answer, or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are reminded of their duty to avoid unnecessary service expenses and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

## DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served

electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff. The defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

**IT IS HEREBY ORDERED** that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This 90-day period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: except with written permission of the court first obtained, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the court absent the filing of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act, plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

The Clerk of Court shall send a copy of this Order and Recommendation to the business manager of the McEver Probation Detention Center, as it is hereby **ORDERED AND DIRECTED** that collection of monthly payments from plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

## PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the Prison Litigation Reform Act, in the event plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event plaintiff is released from custody and fails to remit payments. Plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

**SO ORDERED and RECOMMENDED**, this 17th day of May, 2011.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

jlr